Mark N. Mutterperl (MM 1977)
Jenifer S. McIntosh
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Phone: (212) 318-3000
Fax:   (212) 318-3400
Attorneys for Plaintiffs
The Cheesecake Factory Assets, Co. LLC
and The Cheesecake Factory Incorporated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

THE CHEESECAKE FACTORY ASSETS, CO.
LLC AND THE CHEESECAKE FACTORY
INCORPORATED,

        Plaintiffs,

  - against -

THE PHILADELPHIA CHEESE STEAK
FACTORY INC., AND PETER IVORY,

        Defendants.

------------------------------------------------------------ X

Civil Action No. _____

COMPLAINT

Jury Trial Demanded

CV 05 3243

GARAUFIS, J.

        Plaintiffs, The Cheesecake Factory Assets Co. LLC and The Cheesecake Factory Incorporated, appearing through their undersigned counsel, allege as follows based on first-hand knowledge and information and belief:

### THE PARTIES

    1.    Plaintiff The Cheesecake Factory Assets, Co. LLC is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Nevada, with an office in Calabasas Hills, California.

25552541.1

2.  Plaintiff The Cheesecake Factory Incorporated is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware, with an office in Calabasas Hills, California. The Cheesecake Factory Incorporated is the sole and managing member of The Cheesecake Factory Assets, Co. LLC. Plaintiffs The Cheesecake Factory Incorporated and The Cheesecake Factory Assets, Co. LLC, are collectively referred to herein as "The Cheesecake Factory" or "plaintiffs".

3.  Defendant The Philadelphia Cheese Steak Factory Inc. ("The Cheesesteak Factory") is a New York corporation with a place of business located at 40-15 Queens Boulevard, Sunnyside, New York 11104.

4.  Defendant Peter Ivory is the owner of defendant The Cheesesteak Factory. Upon information and belief, Mr. Ivory controls, manages and operates the activities of The Cheesesteak Factory. Upon information and belief, Mr. Ivory resides at 130 Lake Drive, Wyandanch, New York, 11798.

## NATURE OF THIS ACTION; JURISDICTION AND VENUE OF THE COURT

5.  This is an action for (i) trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); (ii) deceptive trade practices under N.Y. GBL § 349; (iii) injury to business reputation under N.Y. GBL § 360-l; (iv) unfair competition under the common law of New York; and (v) unjust enrichment.

6.  The Court has jurisdiction of this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over The Cheesecake Factory's state and common law claims pursuant to 28 U.S.C. § 1367(a).

7.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because defendants reside in this judicial district, and because a substantial part of the events giving rise to The Cheesecake Factory's claims occurred in this judicial district.

## THE CHEESECAKE FACTORY'S MARKS

8.  The Cheesecake Factory is a unique, upscale casual dining restaurant with 93 locations and a menu of more than 200 items. The Cheesecake Factory also operates a bakery production facility that produces over 50 varieties of quality cheesecakes and other baked products for The Cheesecake Factory's restaurants as well as for other leading foodservice operators, retailers and distributors. Additionally, The Cheesecake Factory operates five upscale casual dining restaurants under the Grand Lux Cafe name in Los Angeles, Houston, Dallas, Chicago and Las Vegas, and one self-service, limited menu "express" foodservice operation under The Cheesecake Factory Express® mark inside the DisneyQuest® family entertainment center in Orlando, Florida. The Cheesecake Factory also licenses three bakery cafe outlets to another foodservice operator under The Cheesecake Factory Bakery Cafe name.

9.  The Cheesecake Factory first adopted its name, "The Cheesecake Factory", in 1972, which was registered as U.S. trademark No. 1,549,370 by the United States Patent and Trademark Office ("USPTO") in 1989. In 1974, The Cheesecake Factory began use of its logo,

[logo]. This mark was registered as U.S. trademark No. 1,191,891 by the USPTO in 1982. The Cheesecake Factory has continuously and consistently used the style and lettering design depicted in trademark No. 1,191,891 ("The "Cheesecake Logo") since 1974. The Cheesecake Logo is recognized in the United States as identifying those food services and bakery products provided by The Cheesecake Factory. Trademark Registration Nos. 1,191,891, 2,421,042 and 2,412,280, issued by the USPTO to The Cheesecake Factory, are collectively referred to as "The Cheesecake Factory Marks," because they are trademarks comprised solely of the Cheesecake Logo.

10. The Cheesecake Factory is the owner of, *inter alia*, the entire right, title and interest in and to the following federally registered trademarks, most of which incorporate in some form The Cheesecake Logo.

| Registration Number | Mark | Image |
| --- | --- | --- |
| 2431696 | The Cheesecake Factory | |
| 2189465 | The Cheesecake Factory Bakery Cafe | The Cheesecake Factory Bakery Cafe |
| 2253746 | The Cheesecake Factory | |
| 2243795 | The Cheesecake Factory Express | The Cheesecake Factory Express |
| 2412280 | The Cheesecake Factory | |
| 2421042 | The Cheesecake Factory | |
| 2368776 | The Cheesecake Factory Bakery | |
| 2458443 | The Cheesecake Factory Express | |

| Registration No. | Mark | Logo |
|---|---|---|
| 2393311 | The Cheesecake Factory Bakery Cafe | (The Cheesecake Factory Bakery Cafe logo) |
| 2393307 | The Cheesecake Factory Express | (The Cheesecake Factory Express logo) |
| 2439508 | The Cheesecake Factory Bakery Cafe | (The Cheesecake Factory Bakery Cafe logo) |
| 2435549 | The Cheesecake Factory Delectables | The Cheesecake Factory Delectables |
| 2315364 | The Cheesecake Factory Cheesecake Truffle Assortment | The Cheesecake Factory Cheesecake Truffle Assortment |
| 2312373 | The Cheesecake Factory Cheesecake Truffle | The Cheesecake Factory Cheesecake Truffle |
| 1864786 | The Cheesecake Factory | The Cheesecake Factory |
| 1549370 | The Cheesecake Factory | The Cheesecake Factory |
| 1191891 | The Cheesecake Factory | (The Cheesecake Factory logo) |

11.   Since 1972, The Cheesecake Factory has spent millions of dollars advertising and promoting The Cheesecake Factory throughout the United States and in 2004 achieved total restaurant revenues in excess of $ 916,000,000.00. People throughout the United States recognize that The Cheesecake Factory restaurants provide high quality restaurant services and food products, as well as an enjoyable dining atmosphere. Products bearing The Cheesecake Factory Marks are known to be of the highest quality.

12.   The Cheesecake Factory has developed an enormous amount of goodwill in The Cheesecake Logo and The Cheesecake Factory Marks. These marks are well-known and respected by consumers throughout the United States. The Cheesecake Factory Marks represent The Cheesecake Factory's commitment to providing the best dining experiences and high quality service and food products. The Cheesecake Factory Marks are of inestimable value to The Cheesecake Factory.

13.   The Cheesecake Factory has engaged and continues to engage in interstate activities designed to promote The Cheesecake Logo and The Cheesecake Factory Marks, as well as the business and goodwill associated with The Cheesecake Factory Marks.

## DEFENDANTS AND THEIR ACTIVITIES

14.   Defendants have leased a space in which they are preparing to open and operate a restaurant. Defendants are currently advertising that their restaurant is "Coming Soon" to 40-15 Queens Boulevard, Queens, New York 11104.

15.   On or about April, 2005, The Cheesecake Factory received information regarding a large sign and storefront advertising the opening of defendants' future restaurant which copied The Cheesecake Logo for its name "The Cheesesteak Factory," in Sunnyside, New York. As shown in the pictures below, the stylized name used by The Cheesesteak Factory in its signs and advertisements is nearly identical to The Cheesecake Factory Marks.

 

25552541.1                                     - 6 -

16. A side-by-side comparison of the defendants' business marquee and The Cheesecake Logo shows the similarity between defendants' advertised business name and The Cheesecake Factory Marks and The Cheesecake Logo:



17. Defendants are, and have been for some time, advertising and using The Cheesecake Logo at this location.

18. Defendants are not affiliated with or sponsored by The Cheesecake Factory and have not been authorized by The Cheesecake Factory to use any of its marks or The Cheesecake Logo to identify its food services and restaurants.

19. Counsel for The Cheesecake Factory has repeatedly asked defendants, in writing and orally, to stop use of The Cheesecake Logo in its infringing "The Cheesesteak Factory" sign and advertisements. Defendants did not respond to The Cheesecake Factory's cease and desist letter.

20. Counsel for The Cheesecake Factory was contacted by Peter Ivory who claimed to be the owner and operator of The Cheesesteak Factory. Although Mr. Ivory's business identifies itself as The Cheesesteak Factory, Mr. Ivory registered a business name for "Philadelphia Cheese Steak Factory" with the New York Department of State.

### EFFECT OF DEFENDANTS' ACTIVITIES ON THE CHEESECAKE FACTORY AND/OR THE CONSUMING PUBLIC

21. Defendants' unauthorized use of the style and design of The Cheesecake Logo in its name "The Cheesesteak Factory" (the "Infringing Mark") in the manner described above is

likely to and has caused confusion, mistake and/or deceived customers and potential customers of The Cheesecake Factory, at least as to an affiliation, connection or association of defendants with The Cheesecake Factory, or as to the origin, sponsorship, or approval of defendants' goods or services.

22. Defendants' unauthorized use of the Infringing Mark in the manner described above falsely indicates to the purchasing public that defendants' goods and/or services originate with The Cheesecake Factory, or are affiliated, connected or associated with The Cheesecake Factory, or are sponsored, endorsed, or approved by The Cheesecake Factory, or are in some manner related to The Cheesecake Factory and/or its goods and services.

23. Defendants' unauthorized use of the Infringing Mark in the manner described above falsely designates the origin of defendants' goods and/or services, and falsely and misleadingly describes and represents facts with respect to defendants and their goods and/or services.

24. Defendants' unauthorized use of the Infringing Mark in the manner described above enables it to trade on and receive the benefit of goodwill in The Cheesecake Logo and The Cheesecake Factory Marks, which The Cheesecake Factory has built up with great labor and expense over several years. Defendants' unauthorized use also enables it to gain acceptance for its own goods and/or services, not solely on its own merits, but on the reputation and goodwill of The Cheesecake Factory and its trademarks.

25. Defendants' use of the Infringing Mark in the manner described above unjustly enriches defendants at The Cheesecake Factory's expense.

26. Defendants' unauthorized use of the Infringing Marks in the manner described above deprives The Cheesecake Factory of the ability to control the nature and quality of goods

and/or services provided under its marks and places the valuable reputation and goodwill of The Cheesecake Factory in the hands of defendants, over whom The Cheesecake Factory has no control.

27. The acts of defendants have caused irreparable injury to plaintiffs and, unless enjoined by this Court, will continue to cause irreparable injury to The Cheesecake Factory and to the public. There is no adequate remedy at law for this injury.

28. Upon information and belief, defendants' acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and in conscious disregard of The Cheesecake Factory's rights and with an intent to trade on The Cheesecake Factory's goodwill in The Cheesecake Logo and The Cheesecake Factory Marks.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FEDERAL TRADEMARK INFRINGEMENT

29. The Cheesecake Factory repeats the allegations above as if fully set forth herein.

30. The acts of defendants complained of herein constitute infringement of The Cheesecake Logo and The Cheesecake Factory Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION: FEDERAL UNFAIR COMPETITION

32. The Cheesecake Factory repeats the allegations above as if fully set forth herein.

33. The acts of defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION: NEW YORK DECEPTIVE TRADE PRACTICES

35. The Cheesecake Factory repeats the allegations above as if fully set forth herein.

36. The acts of defendants complained of herein constitute deceptive trade practices in violation of New York General Business Law Section 349.

### FOURTH CAUSE OF ACTION: NEW YORK INJURY TO BUSINESS REPUTATION

37. The Cheesecake Factory repeats the allegations above as if fully set forth herein.

38. Defendants are likely to injure The Cheesecake Factory's business reputation by virtue of their unfair competition in violation of New York General Business Law Section 360-l.

### FIFTH CAUSE OF ACTION: NEW YORK COMMON LAW UNFAIR COMPETITION

39. The Cheesecake Factory repeats the allegations above as if fully set forth herein.

40. The acts of defendants complained of herein constitute unfair competition in violation of the common law of New York.

### SIXTH CAUSE OF ACTION: UNJUST ENRICHMENT

41. The Cheesecake Factory repeats the allegations above as if fully set forth herein.

42. The acts of defendants complained of herein constitute unjust enrichment of defendants at The Cheesecake Factory's expense.

### PRAYER FOR RELIEF

WHEREFORE, The Cheesecake Factory prays that:

a) Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with defendants be preliminarily and permanently enjoined and restrained from using in connection with defendants' goods and/or services, The Cheesecake Logo and any name or mark confusingly similar to The Cheesecake Logo or The Cheesecake Factory Marks;

b) Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in defendant' possession or control which use the Infringing Mark or any trade dress or marks confusingly similar to The Cheesecake Logo unique to The Cheesecake Factory Marks;

c) Defendants be ordered to file with this Court and to serve upon The Cheesecake Factory, within thirty (30) days after the entry and service on defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

d) The Cheesecake Factory recover all damages they have sustained as a result of defendants' activities and that said damages be trebled;

e) An accounting be directed to determine defendants' profits resulting from its activities and that such profits be paid over to The Cheesecake Factory, increased as the Court finds to be just under the circumstances of this case;

f) The Cheesecake Factory recover its reasonable attorneys' fees;

g) The Cheesecake Factory recover its costs of this action and prejudgment and post-judgment interest; and

h) The Cheesecake Factory be awarded such other relief as the Court may deem just, equitable and appropriate.

Dated: New York, New York
July 7, 2005

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

Mark N. Mutterperl (MM 1977)
Jenifer S. McIntosh
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400

Attorneys for Plaintiffs
The Cheesecake Factory Assets, Co. LLC
and The Cheesecake Factory Incorporated