UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
THE CHEESECAKE FACTORY ASSETS, CO. LLC
and THE CHEESECAKE FACTORY
INCORPORATED,

               MEMORANDUM & ORDER

        Plaintiffs,

               05-CV-3243 (NGG) (RML)

        -against-

THE PHILADELPHIA CHEESE STEAK FACTORY
INC., PETER INZERILLO, and GUISEPPA SIRIO,

        Defendants,
----------------------------------------------------X

NICHOLAS G. GARAUFIS, U.S. District Judge.

Plaintiffs The Cheesecake Factory Assets Co. LLC and The Cheesecake Factory Incorporated ("The Cheesecake Factory") bring this trademark infringement action against Defendants for unauthorized use of the style and lettering design in United States trademark number 1,191,891 ("Cheesecake Logo"). On August 30, 2005, the court entered a default judgment against Defendant The Philadelphia Cheese Steak Factory, Inc. ("Cheese Steak Factory") and referred Plaintiffs' motion for damages and attorney's fees to Magistrate Judge Levy to conduct an inquest and issue a report and recommendation. Judge Levy issued a report and recommendation ("R&R") on November 30, 2006 recommending that Plaintiffs be awarded $20,171.82 in attorney's fees and costs. (Docket Entry # 37.)

On November 16, 2007, having been notified that a settlement was imminent, the court discontinued this action without prejudice to the right to reopen if the settlement were not consummated. (Docket Entry # 44.) Plaintiffs have now notified the court that no settlement has been consummated. They therefore ask the court to adopt Judge Levy's R&R and to enjoin the

Cheese Steak Factory from further infringing the Cheesecake Logo and/or United States trademark numbers 2,421,042 and 2,412,280 (together with the Cheesecake Logo, "Cheesecake Factory Marks"). (Docket Entry # 45.)

## I. Judge Levy's Report and Recommendation

In reviewing a report and recommendation, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In order to accept a report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); see also Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). The Cheese Steak Factory has filed no objections to the R & R.

This court has reviewed the R & R and is satisfied that there is no clear error on the face of the record. The court will therefore order that The Cheesecake Factory be awarded $18,176.25 in attorney's fees and $1,995.57 in costs, for a total of $20,171.82.

## II. Plaintiffs' Request for a Preliminary Injunction

As Judge Levy found, the factual allegations in Plaintiffs' complaint, which are accepted as true in a default, see Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), are sufficient to establish that the Cheese Steak Factory willfully infringed the Cheesecake Logo. As the Cheese Steak Factory's use of the Cheesecake Logo is likely to cause confusion as to the source or sponsorship of the Cheese Steak Factory (see Amended Complaint ¶ 26) and as Plaintiffs' damages are difficult to establish and measure, see Protection One Alarm Monitoring,

2

Inc. v. Executive Protection One Security Service, LLC, No. 07-cv-1473 (DLI) (RML), 2008 WL 1795321, *3-*4 (E.D.N.Y. April 10, 2008), Defendants are entitled to a permanent injunction.

It is therefore

ORDERED that the Cheese Steak Factory, its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, who receive actual notice of this Order, are permanently enjoined from using any of the Cheesecake Factory Marks or any mark or logo that is confusingly similar or likely to dilute any of the Cheesecake Factory Marks;

ORDERED that all labels, signs, prints, packages, wrappers, receptacles, advertisements, products, and other materials bearing any of the Cheesecake Factory Marks or any design confusingly similar thereto, and all plates, molds, matrices, and other means of making the same, shall be delivered to The Cheesecake Factory's counsel for destruction within thirty (30) days after the entry of this Order;

ORDERED that the Cheese Steak Factory shall file with the court and serve on The Cheesecake Factory, within thirty (30) days after the entry and service on the Cheese Steak Factory of this Order, a report in writing and under oath setting forth in detail the manner and form in which the Cheese Steak Factory has complied with this Order; and

ORDERED that the Cheese Steak Factory shall pay to The Cheesecake Factory its reasonable attorney's fees and costs incurred in this action in the amount of $20,171.82. Such payment shall be made within thirty (30) days after the entry and service of this Order.

SO ORDERED.

Dated: June 17, 2008
Brooklyn, N.Y.

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge